# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                 CR No. 02-454 JC

CHRISTOPHER MARK MORGAN, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Nadeem Malik's Motion to Dismiss Count IV of the Superseding Indictment, filed September 11, 2002 (*Doc. 102*)**.** After reviewing the motions, memoranda and all relevant authorities, I find Defendant's motion well taken, and it is, therefore, granted.

**I.**    **Background**

The United States has charged Nadeem Malik with three counts of a nine-count Indictment. Count I: conspiring to defraud the INS, in violation of 18 U.S.C § 371; Count IV: entering into a fraudulent marriage for the purposes of evading immigration laws, in violation of 8 U.S.C § 1325(c); and Count IX: making a false statement to an INS official regarding that marriage, in violation of 18 U.S.C. 1546(a). The motion to dismiss concerns Count IV.

**II.**    **Standard of Review**

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746

(1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III. Discussion

Under Count IV of the Superseding Indictment, Defendant is charged with entering into a fraudulent marriage for the purposes of evading immigration laws. The statute under which he is charged states:

> Any individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws shall be imprisoned for not more than 5 years, fined in accordance with Title 18, or both.

8 U.S.C § 1325(c). The contested issue is whether "enters" means the statute of limitations begins to run on the date of the marriage ceremony or whether Congress meant for § 1325(c) to be construed as a continuing offense statute, such that the statute of limitations begins to run sometime after the initial ceremony.

Due to the sparse case law, the government cannot cite to any legal authority supporting its contention that I should construe § 1325(c) as a continuing offense statute. Instead, it attempts to parallel marriage fraud with bank fraud yet does not cite any cases in favor of its argument. The government cites *Lutwack v. United States*, 344 U.S. 604, 611 (1953), for the proposition that the wedding ceremony is only part of the scheme to defraud the United States. Yet, *Lutwack* is inapposite to this case, as the statute in that case (War Brides Act), and its indictment concerned the *conspiracy*

to defraud the United States by obtaining entry into the country as spouses of citizens. Count IV in *Malik*, simply charges Defendant with entering into a fraudulent marriage, not conspiracy, which is Count I.

Defendant points out that interpreting actions as continuing offenses should be applied sparingly. In *Toussie v. United States*, 397 U.S. 112 (1970), the Supreme Court held:

> [W]e have stated before 'the principle that criminal limitations statutes are to be liberally interpreted in favor of repose'... We have also stated that '[s]tatutes of limitations normally begin to run when the crime is complete...' And Congress has declared a policy that the statute of limitations should not be extended '[e]xcept as otherwise provided by law...' These principles indicate that the doctrine of continuing offenses should be applied only in limited circumstances.... [U]nless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.

*Toussie*, 397 U.S. at 860. The statute's express terms address the entry of marriage for an improper purpose. There is nothing in § 1325(c) that indicates Congress' intent to make marriage fraud a continuing offense.

Defendant contends that the language of the statute is unambiguous, and *"entry"* must be interpreted to mean that the statute of limitations begins to run on the date of the marriage ceremony. *Baty v. Willamette Indus., Inc.,* 172 F.3d 1232 (10th Cir. 1999) (The cannon of statutory construction mandates that where possible, a statute must be interpreted in accordance with the plain meaning of its language). In this case, the ceremony occurred on January 21, 1997, more than five years prior to the government's indictment against Defendant.

In the alternative, Defendant argues that if the statute is ambiguous, the rule of lenity requires

the Court to interpret it in favor of him. *Ladner v. United States*, 358 U.S. 169, 177 (1957); *United States v. Battle*, 289 F.3d 661, 669 (10th Cir. 2002) (The rule of lenity necessitates that courts interpret ambiguous statutes in favor of criminal defendants.).

## IV. Conclusion

Due to the lack of case law supporting the government's assertion that § 1325(c) should be interpreted as a continuing violation statute, I find Defendant's motion well taken.

Wherefore,

IT IS ORDERED that Defendant Nadeem Malik's Motion to Dismiss Count IV of the Superseding Indictment, filed September 11, 2002 (*Doc. 102)* is GRANTED.

DATED October 1, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for the United States:

>   Erlinda O'Campo, AUSA
>   Albuquerque, New Mexico

Attorney for Defendant:

>   Marc H. Robert, Esq.
>   Albuquerque, New Mexico